# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| PATRICIA TAMBURRO, | CASE NO. 5:16-CV-1854 |
| Plaintiff, | JUDGE JOHN R. ADAMS |
| vs. | |
| K&M INTERNATIONAL, INC., ET AL., | **ORDER AND DECISION** |
| Defendants. | |

Pending before this Court is Plaintiff's Motion for Remand to State Court and to Award Attorneys' Fees (ECF #8.) For the following reasons, the motion is GRANTED.

## I. FACTS AND PROCEDURAL HISTORY

On May 26, 2016, Plaintiff Patricia Tamburro filed a complaint in the Summit County Court of Common Pleas, Case No. CV-2016-05-2477, against Defendants K&M International and Cindy Gerber. Defendants are represented by the same counsel. The complaint asserted claims for "regarded as disabled" disability discrimination, disabled disability discrimination, promissory estoppel, FMLA interference, and FMLA retaliation.

On June 3, 2016, Defendants accepted service of the complaint. On June 29, 2016, Defendants filed a Notice of One-Time Automatic Leave to Plead, which extended their date to file an answer, move, or plead in response to Plaintiff's complaint until July 22, 2016. The notice did not extend the time allowed to remove a case to Federal Court.

Defendants filed a notice of removal to this Court on July 22, 2016. This occurred 48 days after being served with a complaint that was ripe for removal to Federal Court.

1

Plaintiff has filed a motion for remand to state court. In the motion, Plaintiff requests an award of attorneys' fees. The Court now turns to the merits of that motion.

## II. LEGAL ANALYSIS – Motion to Remand

Removal is governed by 28 U.S.C. § 1446(b). The statute states:

> The notice of removal of a civil action or proceeding shall be filed *within 30 days* after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever is shorter.

28 U.S.C. § 1446(b)(1) (emphasis added). The Sixth Circuit has held that untimeliness is plainly a defect within the meaning of the statute and is an independent and adequate basis for the remand. *Ohio ex rel. Petro v. Bulgartabac Holding Grp.*, 167 F. App'x 512, 515 (6th Cir. 2006). "…[T]he failure to file for removal within the thirty-day period, while waivable by plaintiff, is a formal barrier to the exercise of federal jurisdiction." *Holston v. Carolina Freight Carriers Corp.*, 936 F.2d 573 (6th Cir. 1991). Plaintiff has not waived the failure to file for removal within 30 days and has filed a motion for remand due to untimeliness.

The cases cited in Defendants' opposition to Plaintiff's motion are unpersuasive because they are distinguishable. Defendants' opposition first cites to *Manas y Piniero v. Chase Manhattan Bank, N.A.*, in which a party removed a single cause to Federal Court then later protested its own removal on the basis that the court lacked jurisdiction. 443 F. Supp. 418 (S.D.N.Y. 1978). This is not the situation in this case, where the opposing party contests removal. Defendants next cite *Powers v. Chesapeake & O. Ry.*, in which a plaintiff fraudulently joined defendants to defeat initial removal. There is no allegation of fraudulent joinder here. Defendants next cite to *Advance Bodycare Solutions, LLC v. Thione Intern., Inc.*, in which the court held that an untimely removal

2

is a procedural defect "and therefore cannot be the basis for a *sua sponte* remand." 524 F.3d 1235, 1237 (11th Cir. 2008). This remand was requested by Plaintiff and is not *sua sponte*.

Defendants further cite to non-binding, cases in which a late removal was permitted to stand. In *Glover v. W.R. Grace & Co., Inc.* and *Eltman v. Pioneer Communications of America, Inc.*, the Courts retained jurisdiction because the removal was timely filed, but other, non-moving parties did not consent to removal within the allotted time, leading to an unfair outcome for the removing party. 773 F. Supp. 964 (E.D. Tex. 1991); 151 F.R.D. 311 (N.D. Ill. 1993). Because these Defendants moved together and are represented by the same counsel, no consent was required, and Defendants have not suffered prejudice at the hands of a third party. There is no third party who would suffer for the mistakes of the party that filed for removal.

Defendants did not file within 30 days as required under 28 U.S.C. § 1446(b) and cite to no binding or factually on point cases that would give reason for this Court not to remand. For these reasons, the Motion to Remand is GRANTED.

### III.     LEGAL ANALYSIS – Attorneys' Fees

Plaintiff has requested attorneys' fees associated with remanding the case. The Supreme Court has held that "…absent unusual circumstances, attorneys' fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). Therefore, as the Sixth Circuit has held, the court should "apply a two-step test to review the award of attorney's fees under [28 U.S.C.] § 1447(c). First, we consider whether [the party] had an objectively reasonable basis to remove the case. Second, we consider whether an 'unusual circumstance' justifie[s] departing from the objectively-reasonable-basis rule." *A Forever Recovery, Inc. v. Twp. of Pennfield,* 606 F. App'x 279, 281 (6th Cir. 2015). Here,

an award of attorneys' fees is appropriate because there was no reasonable basis for removal and unusual circumstances were present.

Late removal can be an unreasonable basis supporting an award of attorneys' fees. Case law supports the award of attorneys' fees in light of removals that do not follow the requirements of 28 U.S.C. § 1446(b). *See, e.g., Fultz v. Columbia Gas of Ohio, Inc.*, No. 1:10 CV 2683, 2011 WL 768090 (N.D. Ohio Feb. 28, 2011). Defendants waited more than two weeks beyond the time permitted to remove by 28 U.S.C. § 1446(b) and misrepresented the timeliness of removal to this Court in their notice of removal. Although Defendants claim they inadvertently and in good-faith miscalculated the deadline for removal, their delay caused Plaintiff to incur unnecessary legal fees. Defendants' removal was not based on an objectively reasonable basis when 28 U.S.C. § 1446(b) clearly sets a deadline which must be followed.

Additionally, the admitted mistake of miscalculating the removal deadline is an "unusual circumstance" that justifies the award of attorneys' fees. The Supreme Court has held that "a plaintiff's delay in seeking remand" would be an appropriate situation for awarding fees. *Martin*, 546 U.S. at 141. It follows that a *defendant's* delay in seeking removal would equitably form a basis for attorneys' fees. "The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." *Id.* at 140.

The request for attorneys' fees is therefore GRANTED.

## IV.     CONCLUSION

This Court finds that Defendants did not remove their case to Federal Court within the 30 day requirement of 28 U.S.C. § 1446. The untimeliness of Defendants' removal warrants this remand to state court and the award of attorneys' fees. This Court hereby GRANTS Plaintiff Patricia

4

Tamburro's Motion to Remand back to Summit County Court of Common Pleas and Request for Attorneys' Fees (ECF #8).

    IT IS SO ORDERED.

Date: June 29, 2017                                                 */s/ John R. Adams*
                                                                            JUDGE JOHN R. ADAMS
                                                                            UNITED STATES DISTRICT COURT